IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00678-BNB

ERIC E. HOUSTON,

    Plaintiff,

v.

WARDEN CHARLIE DANEILS [sic],
LT. M. BANUELOS,
LT. BORJA,
LT. LINCOLN,
NURSE EDITH REICHERT,
SIA BROWN,
CAPTAIN W. HUTCHINS,
V. VIGIL, RN,
CASE MANAGER CASTRO,
SIS VANEK,
SIS PEMENTEL
PA. BRAD CINK, and
DOCTOR DAVID ALLRED,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 9 2010

GREGORY C. LANGHAM
                      CLERK

## ORDER DIRECTING PLAINTIFF TO FILE
## SECOND AND FINAL AMENDED COMPLAINT

Plaintiff, Eric E. Houston, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He submitted to the Court *pro se* an amended Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Houston's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Houston will be directed to file a second and final amended complaint. The motion to amend that Mr. Houston filed on May 6, 2010, will be denied as unnecessary.

Mr. Houston's filings are largely incomprehensible. In the amended complaint, he generally complains that he has been threatened, assaulted, refused medical treatment, had his mail tampered with, been confined in a cell with blood and feces on the walls and floor, and refused a transfer to another prison facility where he would be safe. The various motions, letters, and requests he has filed are so difficult to read as to make it impossible for the Court to determine the bases for these papers or whether they contain any additional claims.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The second and final amended complaint Mr. Houston will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Houston's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas*

*City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Houston to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Houston fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Instead, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the amended complaint is unnecessarily vague and verbose. For the purposes of Rule 8(a), "[i]t is sufficient,

and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Houston will be directed to file a second and final amended complaint that complies with the pleading requirements of Rule 8 and that asserts all the claims against all the defendants he intends to sue. Mr. Houston is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the second and final amended complaint he will be directed to file, Mr. Houston must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Houston must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Houston may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Houston uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Houston, therefore, will be directed to file a second and final amended complaint that is on the Court-approved complaint form, legible to read, and asserts clearly and concisely his claims, what rights were violated, and specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Eric E. Houston, file **within thirty days from the date of this order** a second and final amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Houston, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the second and final amended complaint. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Houston fails to file a second and final amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion to amend filed on May 6, 2010, is denied as unnecessary. It is

FURTHER ORDERED that the motions for appointment of counsel filed on March 23, 2010, and May 3, 2010, are denied as premature.

DATED May 19, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00678-BNB

Eric Houston
Reg. No. 16891-074
USP – Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/9/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk