IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00678-ZLW

ERIC E. HOUSTON,

    Plaintiff,

v.

WARDEN CHARLIE DANEILS [sic],
LT. M. BANUELOS,
LT. BORJA,
LT. LINCOLN,
NURSE EDITH REICHERT,
SIA BROWN,
CAPTAIN W. HUTCHINS,
V. VIGIL, RN,
CASE MANAGER CASTRO,
SIS VANEK,
SIS PEMENTEL,
PA. BRAD CINK, and
DOCTOR DAVID ALLRED,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 3 2010

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Eric E. Houston, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. On July 15, 2010, he filed *pro se* a motion titled "Motion to reconsider and reopen." Mr. Houston asks the Court to reconsider the Court's order dismissing this action. The Court must construe the motion liberally because Mr. Houston is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the

motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Houston's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on June 29, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice for Mr. Houston's failure, within thirty days, to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Houston fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Houston fails to demonstrate the existence of an

intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to reconsider and reopen" that Plaintiff, Eric E. Houston, filed *pro se* on June 15, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this __22nd__ day of __July__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00678-ZLW

Eric Houston
Reg. No. 16891-074
USP – Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/23/10

GREGORY C. LANGHAM, CLERK

By: _____
                  Deputy Clerk