IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00678-ZLW

ERIC E. HOUSTON,

    Plaintiff,

v.

WARDEN CHARLIE DANEILS [sic],
LT. M. BANUELOS,
LT. BORJA,
LT. LINCOLN,
NURSE EDITH REICHERT,
SIA BROWN,
CAPTAIN W. HUTCHINS,
V. VIGIL, RN,
CASE MANAGER CASTRO,
SIS VANEK,
SIS PEMENTEL,
PA. BRAD CINK, and
DOCTOR DAVID ALLRED,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2010

GREGORY C. LANGHAM
                CLERK

## ORDER DENYING SECOND MOTION TO RECONSIDER

Plaintiff, Eric E. Houston, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, High Security (USP-High), in Florence, Colorado. On July 15, 2010, he filed *pro se* a motion titled "Motion to reconsider and reopen," which the Court construed liberally as filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because it was filed within twenty-eight days after the judgment was entered in this action on June 29, 2010, and denied on July 23, 2010.

On July 30, 2010, Mr. Houston filed a second motion to reconsider pursuant to Fed. R. Civ. P. 59(e). Mr. Houston asks the Court to reconsider the denial of his first

motion to reconsider. The Court must construe the motion liberally because Mr. Houston is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be construed liberally as filed pursuant to Fed. R. Civ. P. 60(b), and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Houston's motion to reconsider pursuant to Rule 60(b) because it was filed more than twenty-eight days after the judgment was entered in this action on June 29, 2010. Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice for Mr. Houston's failure, within thirty days, to file a second and final amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the second motion to reconsider, Mr. Houston again asks the Court to reconsider that decision. He also threatens suicide, alleging that before he will let USP-High prison officials or the BOP kill him, he will kill himself. *See* second motion to reconsider (document No. 51) at 3. That threat is not responsive to the reasons this action was dismissed. Mr. Houston failed, within the time allowed, to comply with the May 19,

2010, order directing him to file a second and final amended complaint that was on the Court-approved Prisoner Complaint form, that complied with the pleading requirements of Fed. R. Civ. P. 8, and that was double-spaced and legible in compliance with D.C.COLO.LCivR 10.1E. and G.

The June 29 dismissal order explains in greater detail the reason for dismissing without prejudice the amended complaint and the action. Because this action was dismissed without prejudice, Mr. Houston may reassert his claims in a new action that corrects the deficiencies in the instant action. Mr. Houston fails to assert any extraordinary circumstances that would justify reconsideration in his case and, therefore, the motion for reconsideration will be denied. See **Massengale**, 30 F.3d at 1330.

Accordingly, it is

ORDERED that the second motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure that Plaintiff, Eric E. Houston, filed *pro se* on July 30, 2010, and which the Court has treated as a motion pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this __5th__ day of __August__, 2010.

BY THE COURT:

_Christine M. Arguello_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00678-ZLW

Eric Houston
Reg. No. 16891-074
USP – Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/5/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk